HESS v. FORBES et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3131.　Decided Feb. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

444. EARNEST MONEY—703. Landlord & Tenant.
Earnest money cannot be applied toward payment of rent.

Error to Common Pleas.

Judgment modified and affirmed.

Jos. T. Harrison, Cincinnati, for Hess.
Pogue, Hoffheimer & Pogue, Cincinnati, for Forbes et.

FULL TEXT.　·

HAMILTON, PJ.
This case grows out of the claimed breach of a contract concerning the purchase and sale of real estate.

There are several questions sought to be raised in the case going to the measure of damage and concerning liability under written contracts.

It would serve no purpose to make a complete statement of the case, which would require an extended opinion.

Our examination of the case leads to the conclusion that the plaintiff in error is not entitled to damages other than the return of the two hundred dollars, which she deposited with defendant in error, J. Blaine Forbes, to be applied on the purchase price when the sale of the real estate in question was consummated. The sale was never consummated and there is no question but what the plaintiff in error is entitled to the return of the two hundred dollar deposit.

It appears that the plaintiff in error was a tenant of the premises in question, and that Forbes the defendant in error, collected the rent for the benefit of the owners.

The answer of the defendant in error, J. Blaine Forbes, admits the receipt by him of two hundred dollars from the plaintiff in error, and states that it was deposited as earnest money, and that he, acting as agent for the heirs of John Hoban, deceased, for the collection of rents, applied the two hundred dollars toward the payment of the rent. The rent due, if any, was not pleaded as a set-off; nor does the answer show any authority for applying the money to the payment of rent, except his own conception of his duty as an agent of the landlord.

The trial court permitted the deduction for rent from the two hundred dollars, and, in this, it was in error.

The judgment of the Court of Common Pleas will be modified by rendering judgment for Catherine Hess, plaintiff in error here, plaintiff below, for the sum of two hundred dollars, deposited as earnest money, with interest thereon from the date of the filing of her action.

The judgment, as modified, will be affirmed. (Mills and Cushing, JJ., concur.)